**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE TIFFANY and SHANNON WHITEHEAD, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOMETOWN BUFFET, INC., OCB RESTAURANT COMPANY, LLC, and DOES 1 through 50, inclusive,<br><br>Defendants.<br>_____/ | No. C 06-2524 SBA<br><br>**ORDER DENYING MOTION TO TRANSFER VENUE**<br><br>[Docket No. 52] |

## I. INTRODUCTION

Plaintiffs Elaine Tiffany and Shannon Whitehead, on behalf of themselves and others similarly situated ("Plaintiffs"), brought this action against HomeTown Buffet, Inc. and OCB Restaurant Company, LLC ("Defendants"), alleging causes of action for, <u>inter alia</u>, violations of the California Labor Code.[1]

Presently before the Court is Plaintiffs' motion to transfer venue, under 28 U.S.C. § 1404(a),

---

[1] The Court has jurisdiction over this matter based on diversity of the parties. Defendant HomeTown Buffet, Inc. is a distinct, wholly owned subsidiary of Buffets, Inc. [Holovnia Decl. at ¶ 3]. HomeTown Buffet, Inc. is organized under the laws of, and has its principal place of business in, Minnesota. [Notice of Removal at 4, n. 3]. HomeTown Buffet, Inc. owns and operates 58 HomeTown Buffet restaurants in California. [Holovnia Decl. at ¶ 3].
    Defendant OCB Restaurant Company, LLC ("OCB") is a distinct, wholly owned subsidiary of Buffets, Inc. [Holovnia Decl. at ¶ 3]. OCB is organized under the laws of, and has its principal place of business in, Minnesota. [Notice of Removal at ¶ 15]. OCB owns and operates 28 HomeTown Buffet restaurants in California. [Holovnia Decl. at ¶ 3].
    Plaintiffs reside in California. [*Id.* at ¶ 1].

1 to the Southern District of California.

2 For the reasons contained herein, the Court DENIES Plaintiffs' motion.

## II. BACKGROUND

Plaintiffs are former managers of HomeTown Buffet restaurants in California. [First Amended Complaint ("FAC") at ¶¶ 6, 10]. They brought this class action lawsuit for unpaid overtime and other wages brought on behalf of themselves and on behalf of California salaried managers of Defendants' restaurants. The lawsuit alleges seven causes of action: (1) recovery of overtime pay under California Labor Code § 1194, (2) restitution of overtime pay, (3) violation of California Labor Code § 3751, (4) violation of California Business & Professions Code § 17200 et seq., (5) penalties under California Labor Code § 203, (6) penalties under California Labor Code § 226, and (7) damages under California Labor Code § 226.7. [FAC at ¶¶ 13-33].

## III. DISCUSSION

Plaintiffs contend that the interests of convenience and justice weigh heavily in favor of a finding that the action should be transferred to the Southern District. Specifically, Plaintiffs argue that "a transfer to the Southern District will provide a venue that is more convenient for the parties, class members, and witnesses, will offer greater ease of access to sources of proof, is more central to the location of most of the conduct underlying the case, and that offers a less congested court docket and may enable the plaintiffs and class to resolve their claim more quickly." [Plaintiffs' Memorandum ISO Motion to Transfer, Docket No. 40 at 1].

In response, Defendants argue that Plaintiffs chose to file their claim in Northern California and vigorously opposed Defendants' efforts to change venue in state court. Now, the Plaintiffs ask this Court to transfer the matter "on the same evidence they challenged as insufficient in the state court proceedings." [Defendants' Opposition to Motion to Transfer, Docket No. 46 at 1]. Defendants further contend that this "forum shopping" by the Plaintiffs has already consumed precious judicial resources and by transferring the case now, it would lead to more waste and delay. [Id. at 2].

"For the convenience of parties and witnesses, in the interest of justice, a district court may

2

1 transfer any civil action to any other district or division where it might have been brought." 28
2 U.S.C. § 1404(a). In such cases, the district court considers: "(1) the relative convenience of the
3 selection forum and the proposed forum; (2) the possible hardship to the plaintiff if the court grants
4 the motion; (3) the interests of justice; and (4) the deference accorded the plaintiff's choice of
5 forum." *Jacobson v. Hughes Aircraft Co.*, 105 F.3d 1288, 1302 (9th Cir. 1997) (citing *Decker Coal
6 Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (reversed on other grounds in
7 *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432 (1999)).

8       The burden is on the moving party to demonstrate that the balance of conveniences favors the
9 transfer. See *Commodity Futures Trading Com. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).
10 Ordinarily, there is a strong presumption in favor of a plaintiff's choice of forum. See *Piper Aircraft
11 v. Reyno*, 454 U.S. 235, 255 (1981). However, a plaintiff's choice of forum is given less deference
12 where, as here, the action is brought on behalf of a class. See *Lou v. Belzberg*, 834 F.2d 730, 739
13 (9th Cir. 1987). Furthermore, even if the principle of deference to a plaintiff's choice of forum
14 applies here, its applicability is limited." "A plaintiff's choice of forum is entitled to only minimal
15 consideration when the forum of original selection has no particular interest in the parties or subject
16 matter." *Gemini Capital Corporation v. Yap Fishing Corporation*, 150 F.3d 1088, 1091 (9th Cir.
17 1998).

18       One of the named Plaintiff resides in the Northern District and the other resides in the
19 Southern District of California. [Plaintiffs' Memorandum ISO Motion for Transfer, Docket No. 40 at
20 5]. Based upon these set of facts, this is Plaintiffs' second choice of venue (first Northern California,
21 specifically San Francisco County, and now Southern California) and there is no evidence that the
22 locus of events predominates in either forum. Therefore, there can be no presumption of deference
23 for the Plaintiffs' second choice of forum in their motion for transfer, pursuant to 28 U.S.C. § 1404(a).

24       Additionally, Plaintiffs originally chose to bring this case to San Francisco County Superior
25 Court for the ostensible reason that "the Court does not automatically deem class actions as complex
26 cases under California Rules of Court 1800 <u>et</u> <u>seq</u>., and therefore subject to special procedural rules

3

1 that tend to lengthen the time necessary to litigate the case to a conclusion." [Plaintiffs'
2 Memorandum ISO Motion to Transfer, pg. 4: 21-24].

3     These facts militate against Plaintiffs' presumption in favor of their choice of venue. First,
4 they made their initial choice of venue. They chose San Francisco County Superior Court, even
5 though neither of the Plaintiffs lived or worked in the forum. This initial choice of forum is further
6 exemplified by the vigorous opposition they mustered to Defendants' motion for change of venue
7 when they tried to move this matter to San Diego County Superior Court. Plaintiffs clearly indicated
8 both by word and deed that they wanted to litigate this matter in Northern California.

9     Second, as the named plaintiffs in a putative class action, Plaintiffs' choice of venue will be
10 given little deference. Finally, Plaintiffs' choice of San Francisco Superior Court was made on the
11 basis of a favorable local rule that would benefit the Plaintiffs. This action is indicative of a party
12 engaging in forum shopping.

13     For all the foregoing reasons, this Court finds that Plaintiffs have made their presumptive
14 choice of venue. After stipulating to the addition of another named Defendant, who subsequently
15 removed this action to federal court, Plaintiff is now engaging in an attempt at transfer this litigation
16 to a forum that they believe is more advantageous to their personal interests. None of these facts
17 weigh in favor of their motion to transfer this matter under 1404(a).

18     Additionally, the Court finds that the transferee court is not more convenient for the parties,
19 witnesses, nor would it provide the parties with easier access to evidence.  Plaintiffs concede that
20 transfer to the Southern District would not be more convenient for the parties and that this is not a
21 factor in their favor: "[t]hus, as far as the named plaintiffs go, neither district is any more or less
22 convenient than the other." [Plaintiffs' Memorandum ISO Motion for Transfer, Docket No. 40 at 5:
23 8-9].

24     Taking all the necessary factors into account, the Court finds that Plaintiffs have not met
25 their burden to justify a transfer.
26 //

**IV.    CONCLUSION**

For the reasons stated above, the Court DENIES Plaintiffs' motion.

IT IS HEREBY ORDERED THAT a telephonic Case Management Conference is set for **November 15, 2006, at 2:45 p.m.**  Counsel for Plaintiffs shall be responsible for filing the Case Management Conference Statement, as well as for arranging the Case Management Conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

IT IS SO ORDERED.

Dated: 9/27/06

SAUNDRA BROWN ARMSTRONG
United States District Judge

5